AMERICAN SUGAR REFINING CO. v. UNITED STATES.

(Circuit Court, S. D. New York.   November 13, 1909.)

No. 3,221.

CUSTOMS DUTIES (§ 73*)—CLASSIFICATION—SUGAR—SETTLEMENT TEST.

Where no official polariscopic test had been made of imported sugar, it was proper to classify the sugar in accordance with the settlement test, especially as the importers had agreed to accept such tests, and the Secretary of the Treasury had authorized their use.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 73.*]

On Application for Review of a Decision by the Board of United States General Appraisers.

Parsons, Closson & McIlvaine (Henry B. Closson, of counsel), for importers.

D. Frank Lloyd, Deputy Asst. Atty. Gen. (Charles Duane Baker, of counsel), for the United States.

PLATT, District Judge.   The importations in controversy consisted of sugar, and were classified according to a so-called "settlement test." It is not disputed that settlement tests are polariscopic tests; and when the Board say in their decision "it does not appear that any polariscopic test was ever made," they probably mean that no test in accordance with the regulations was ever made.   No settlement test could have been made, except by comparing and averaging polariscopic tests made by two experts, one representing the seller and the other representing the buyer.

The protestants fought to a finish another phase of the general contention (U. S. v. Bartram Bros., 65 C. C. A. 557, 131 Fed. 833), in which they insisted that the commercial tests were indispensable, and that tests in accordance with the treasury regulations were unfair and unlawful.   They did not succeed in that contention, and, abandoning their protests in that respect, they still complain because the very test was used, which they had long insisted was the only proper one to be employed.   The importers agreed to accept the settlement tests as the basis for levying duty, and the Secretary of the Treasury authorized their use by a definite order.   There is nothing in the record which will warrant me in spelling out any fraud on the part of the examiner in obtaining the settlement tests from Dr. Sherer, or in getting his agreement as the duly authorized agent of the protestant to have them used.   It would be a horrible miscarriage of justice at this late day, when all possible means for reaching the necessary facts have been lost, to decide that the assessment was invalid.

The decision of the Board of General Appraisers is affirmed.